IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONTE LINVILLE,

    Plaintiff,

v.        CV 14-CV-0013 JAP/WPL

NATIONAL INDEMNITY COMPANY,

    Defendant.

Consolidated With

TYLER NOEL,

    Plaintiff,

v.        CV 14-CV-526 JAP/WPL

NATIONAL INDEMNITY INSURANCE COMPANY,
and STEPHANIE HYNES,

    Defendants.

**ORDER**

Pursuant to the Order Setting Pretrial Deadlines and Adopting Joint Status Report entered March 12, 2014, Monte Linville was required to disclose his experts and produce expert reports by June 9, 2014, and National Indemnity Company was required to disclose its experts and produce expert reports by July 9, 2014. (Doc. 16.) Linville properly identified an expert, Dr. Harvie, and produced his report, but National Indemnity did not comply with my Order. On July 9, 2014, National Indemnity identified two physicians as potential expert witnesses but did not submit their reports because the physicians had not performed their independent medical

examinations ("IMEs"). (Doc. 55.) Further, National Indemnity did not disclose any expert witnesses on liability issues.

This caused a flurry of motions to be filed: National Indemnity filed a motion for additional time to name liability expert witnesses (Doc. 57); Linville filed a motion to strike the physicians identified as experts by National Indemnity because their reports were not timely disclosed (Doc. 59); and National Indemnity filed a motion to vacate the Order Setting Pretrial Deadlines and requested a consolidated scheduling order setting deadlines applicable to the claims brought by Linville and Tyler Noel, whose case was consolidated with Linville's case. (Doc. 61.) These motions have been fully briefed, and I held a hearing with counsel on August 6, 2014. This Order will briefly explain the reasons for the rulings made at the hearing.

National Indemnity contended that the consolidation of the Noel case with the Linville case produced an expectation that discovery would proceed under uniform deadlines applicable to both cases, but admitted at the hearing that it did not confirm that expectation with Linville and did not request court approval of that expectation until the day that its expert reports were due. National Indemnity also asserted good cause to extend the expert deadline because it had not had the opportunity during discovery to take Linville's deposition or to schedule IMEs for him. The facts do not support this argument. Linville's deposition was scheduled three times (April 15, May 16, June 18) and was canceled each time by National Indemnity. Further, Linville offered on March 7, March 27, and May 15 to cooperate with the scheduling of an IME, yet National Indemnity took no action to schedule IMEs until July 9, 2014, the date the expert reports were due.

National Indemnity argued that this situation is really all Linville's fault because Linville "unreasonably denied" National Indemnity's request to amend the scheduling order. (Doc. 74 at

2.) I am not aware of any authority that states that one party must accede to a request of another party to alter scheduling deadlines, and National Indemnity cites no authority for this remarkable claim. In any event, only the court may change court-ordered deadlines, and I am under no obligation to change deadlines even when presented with a stipulated motion by the parties.

Any motion to extend deadlines must show good cause for the requested extension. *See* Fed. R. Civ. P. 6(b). "Good cause" requires, at minimum, that a party has been diligent in its discovery efforts but still cannot comply with a scheduling order. *See Montoya v. Sheldon*, 286 F.R.D. 602, 609-10 (D.N.M. 2012) (citations omitted). National Indemnity repeatedly asserts that Linville will suffer no prejudice if it is allowed to identify liability experts and produce late reports from its medical experts. However, a showing that an extension of time would not prejudice a party is not sufficient, by itself, to show good cause. *See Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (unpublished) (noting that the danger of prejudice to a party when extending a deadline is only one factor in determining whether a party's neglect was excusable); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (citation omitted) (noting that a showing of "good cause" would require "at least as much as would be required to show excusable neglect").

"[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). National Indemnity was well aware of the looming expert witness deadline, yet relied upon its own assumption that the deadline would be vacated because of the consolidation of the Noel case.

A party that fails to comply with a court order concerning disclosure of expert witnesses may be precluded from presenting the experts' testimony at trial. Fed. R. Civ. P. 37(c)(1);

*Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). In addition, the court may order the payment of reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(c)(1)(A). Since Judge Parker has consolidated these cases for all purposes including trial, the current trial date of February 2, 2015, will need to be vacated to allow Noel and National Indemnity to pursue discovery. Because of the consolidation of cases, I will set new scheduling deadlines that will allow additional time for all parties to identify expert witnesses and complete discovery. However, National Indemnity or its attorneys will pay Linville's reasonable expenses, including attorney's fees, for briefing these motions and preparing for and appearing at the August 6, 2014, hearing. I therefore GRANT National Indemnity's motion for addition time to name liability expert witnesses (Doc. 57) and motion to vacate the Order Setting Pretrial Deadlines and for a consolidated scheduling order (Doc. 61). I DENY Linville's motion to strike the physicians identified as experts by National Indemnity. (Doc. 59.)

      IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge