IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONTE LINVILLE,

    Plaintiff,

v.    CV 14-0013 JAP/WPL

NATIONAL INDEMNITY COMPANY,

    Defendant,

consolidated with

TYLER NOEL,

    Plaintiff,

v.    CV 14-0526 JAP/WPL

NATIONAL INDEMNITY INSURANCE COMPANY
and STEPHANIE HYNES,

    Defendants.

**ORDER**

On September 30, 2014, I entered an order (Doc. 95) granting in part and denying in part Linville's Motion to Compel Defendant's Insurance Claim File (Doc. 42). I ordered National Indemnity Company ("National Indemnity") to submit Privilege Log Items 8 and 9 ("Items 8 and 9") for in-camera review to determine whether they are subject to attorney-client privilege. National Indemnity submitted Items 8 and 9 to the Court for in-camera review on October 7, 2014. I then ordered a supplement listing the full name, employer, and title of each person mentioned in Items 8 and 9. (Doc. 102.) National Indemnity submitted this supplement to the Court on October 16, 2014.

According to FED. R. EVID. 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Under New Mexico law, attorney-client privilege applies to "confidential communication[s] made for the purpose of facilitating or providing professional legal services to that client." NMRA, Rule 11-503 (2013).

Upon in-camera review of Items 8 and 9 and the supplement, I find that Items 8 and 9 are subject to attorney-client privilege. Items 8 and 9 are email exchanges between National Indemnity employees and in-house counsel about the Uninsured Motorist/Underinsured Motorist limit and whether Linville's policy included medical payments coverage. As these emails contain communications regarding legal advice for National Indemnity employees, I deny Linville's request for an order compelling National Indemnity to produce Items 8 and 9.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.