IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONTE LINVILLE,

    Plaintiff,

v.                                            CV 14-0013 JAP/WPL

NATIONAL INDEMNITY COMPANY,

    Defendant,

consolidated with

TYLER NOEL,

    Plaintiff,

v.                                            CV 14-0526 JAP/WPL

NATIONAL INDEMNITY INSURANCE COMPANY
and STEPHANIE HYNES,

    Defendants.

**ORDER GRANTING MOTION TO CLARIFY AND
MOTION FOR PARTIAL RECONSIDERATION**

On September 30, 2014, I entered an Order Granting in Part and Denying in Part Linville's Motion to Compel Defendant's Insurance Claim File ("Order on Motion to Compel"). (Doc. 95.) National Indemnity Company has filed a motion to clarify and alternative motion for partial reconsideration of that order. (Doc. 113.) Linville, of course, opposes this motion. (Doc. 136.) In considering National Indemnity's motion, I have reviewed in camera the withheld documents to assess the work-product privilege asserted by National Indemnity. Having fully considered this matter, I will grant National Indemnity's motion.

A motion for reconsideration is appropriate to allow the court to consider 1) an intervening change in the law, 2) new evidence that was previously unavailable, and 3) the need to correct clear error or prevent injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. National Indemnity requests that I clarify or reconsider my decision concerning Privilege Log Item 11. In addressing this issue, the Order on Motion to Compel analyzed whether National Indemnity's reserve information regarding the potential value of Linville's claim was relevant and discoverable or was protected by the work-product privilege. (Doc. 95 at 6-8.) The Order concluded that the reserve information was relevant and discoverable. (*Id*.) The Order further found that the claim logs created after November 4, 2013, were created in anticipation of litigation, but that National Indemnity had waived the work-product privilege as to the reserve information. (*Id.*) National Indemnity's blanket assertion of the privilege was inadequate to sustain its burden to establish entitlement to the privilege because the Privilege Log did not allow Linville to assess the validity of its work-product claim. (*Id*.)

Because the parties specifically focused on the reserve information in their briefs (*see* Doc. 56 at 4-5; Doc. 62 at 6-7), and because the Privilege Log did not indicate that additional documents or information were being withheld, the Order on Motion to Compel specifically focused on whether National Indemnity could assert work-product privilege to the reserve information. National Indemnity is correct that I did not understand that non-reserve information was being withheld on work-product grounds. Further, waivers of privilege protections as discovery sanctions are disfavored absent a showing of bad faith, willfulness, fault or unjustifiable delay. *Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y*,

406 F.3d 867, 877-78 (7th Cir. 2005); *Essex Ins. Co. v. Interstate Fire & Safety Equip. Co.*, 263 F.R.D 72, 76-77 (D. Conn. 2009); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007). Thus, because the Order on Motion to Compel did not find that National Indemnity had acted with unjustified delay or in bad faith, willfully or was otherwise at fault, the Order incorrectly held that National Indemnity had waived the work-product privilege to the claim logs created after November 4, 2013.

National Indemnity's motion for clarification and reconsideration is granted, and National Indemnity's assertion of work-product privilege to the claim logs created after November 4, 2013, is hereby sustained.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　William P. Lynch
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.